UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JORGE R. MATEO                                     **MEMORANDUM & ORDER**
                          Plaintiff,                        12-CV-6160 (DRH) (GRB)
          -against-

THE COUNTY OF SUFFOLK,

                          Defendant.
-------------------------------------------------------X

**APPEARANCES:**

**For Plaintiffs:**
Campanelli & Associates, P.C.
1757 Merrick Avenue, suite 204
Merrick, New York 11566
By:     Amanda R. Diskan, Esq.

**For Defendants:**
Dennis M. Brown, Suffolk County Attorney
P.O. Box 6100
100 Veterans Memorial Highway
Hauppauge, New York 11788
By: Megan O'Donnell, Assistant County Attorney


**HURLEY, Senior District Judge:**

        The purpose of this memorandum is to address defendant's motion for reconsideration of

this Court's Order dated October 23, 2014 ("the 2014 Order")[1] which granted in part and denied

in part (1) Defendant's motion to dismiss the amended complaint pursuant to Federal Rule of

Civil Procedure 12(b)(1) and  12(b)(6) and (2) plaintiff's motion for summary judgment on the

issue of the County's liability on the procedural due process claim.

---

[1]  The 2014 Order is reported at 2014 WL 5425536.

## BACKGROUND

### I.      Factual Background

The background of this action is fully set forth in the 2014 Order, familiarity with which is presumed; only a brief synopsis is set forth here.

Plaintiff Jorge Mateo ("Plaintiff" or "Mateo") is a resident of Suffolk County and owned a 2010 Nissan Infiniti. On February 4, 2011, Plaintiff's vehicle was seized by defendant County of Suffolk ("Defendant" or "the County") pursuant to Suffolk County Code § 420 et seq.[2] which permits the seizure and retention of motor vehicles incidental to DWI arrests and to subject the vehicles to civil forfeiture.

Plaintiff commenced this action asserting, inter alia, procedural due process violations arising out of the events following that seizure claiming that the County failed to abide by the legal dictates of the Second Circuit in *Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002) and the *Krimstock* line of cases. Specifically, Plaintiff asserted that at the retention hearing, the County was required, but did not, demonstrate that (1) it is likely to succeed on the merits of the forfeiture action, (2) it is necessary to retain the vehicle so as to prevent its removal from the jurisdiction, destruction or sale, and (3) that nothing short of retention will preserve the County's interest while a forfeiture is pending. In addition, Plaintiff asserted that he was not afforded procedural due process as the hearing officers are not neutral and that the County releases seized vehicles to third parties without notice to vehicle owners. It is alleged that the County is liable for the foregoing under *Monell* because the foregoing are the actual policies and practices of the County which are systematically being carried out.

---

[2]  While Plaintiff alleges that the statutory authority for the seizure is SCCL §270 et seq., Defendant states the SCCL §420 et seq., formerly § 270 et seq., is the relevant authority. As noted in the 2014 Order, there are no material distinctions for present purposes between the two sections. 2014 Order at 11-12.

## II.    Procedural Background

### A.    The Prior Motions

Defendant filed a pre-answer motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Briefly stated, it argued that, with respect to the procedural due process claims, Plaintiff received a hearing which initially tested the merits of the County's case and whether continued impoundment was the appropriate remedy and at that hearing the County's presentation of evidence satisfied its burden. Moreover, Defendant asserted that the hearing officer agreed with the County that, based upon the evidence presented by the County, no alternative method to retention would suffice and that Plaintiff failed to establish sufficient hardship if the vehicle were not returned to him. Defendant asserted that Plaintiff's failure to challenge the retention hearing determination in an Article 78 proceeding precludes his asserting a procedural due process claim in federal court.

Plaintiff opposed the motion and filed a cross-motion for summary judgment on the procedural due process claim, asserting that the County was not required (by the hearing officer) to meet it burden at the retention hearing, and the county-appointed hearing officers failed to sufficiently address each *Krimstock* element in their statements finding that the three prong test for retention were met by the County.

### B.    The 2014 Order

Addressing first the County's motion to dismiss, the Court, relying upon the decision in *Ferrari v. Cnty of Suffolk*, 790 F. Supp. 3d 34 (E.D.N.Y. 2011) ("*Ferrari I*") found that the allegation that the magistrate failed to sufficiently address the *Krimstock* elements states a procedural due process violation. Having made that determination, the Court declined to address the County's additional arguments on procedural due process other than to examine the assertion

that the failure to challenge the retention hearing in an Article 78 proceeding precluded the claim. The Court rejected that assertion as Plaintiff alleged systemic, and not random, procedural due process violations. The Court also found the allegation of systemic practices sufficient to state *Monell* liability.

Turning to Plaintiff's motion for summary judgment, inasmuch as the County failed to produce evidence that retention of the vehicle, rather than a less restrictive means, such as an interlock device, was necessary to preserve the County's interest in the vehicle, the Court determined that County did not satisfy its burden on the third prong of *Krimstock* and consequently violated Plaintiff's procedural due process rights. In addition the Court found that Plaintiff's due process rights were violated by the hearing officer's failure to address the *Krinstock* elements in a statement of findings on the record. Lastly, the Court concluded that *Monell* liability was established with respect to the County's failure to satisfy its burden at the retention hearing but not as to the hearing's officers failing to address the *Krimstock* elements.

In sum, the Court denied the County's motion insofar as it sought dismissal of the procedural due process claim[3] and granted Plaintiff's motion for summary judgment only on the procedural due process claim arising out of the County's failure to satisfy its burden at the retention hearing.

### C.  The Application for the Current Motion

After the completion of discovery and filing of a pre-trial order, this Court set the matter down for a final pretrial and settlement conference. In connection therewith, Defendant filed a letter seeking a briefing schedule for a motion for reconsideration in view of the Second Circuit's decision in *Ferrari v. County of Suffolk*, 845 F.3d 46 (2d Cir. 2016). On August 24, 2017, the

---

[3] The 2014 Order granted the County's motion to dismiss the substantive due process claim and the claim seeking declaratory and injunctive relief.

Court entered the following Order: "Having reviewed the parties' settlement letters, the conference scheduled for August 30, 2017 is cancelled. In its letter, defendant seeks a briefing schedule for a proposed motion as to why this Court should reconsider its initial holding of liability in view of the Second Circuit's decision in *Ferrari v. County of Suffolk*. The request is granted . . . ."

## DISCUSSION

### I.      Standard for Reconsideration

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Int'l Union,* 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *accord Arum v. Miller,* 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003); *see also U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,* 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (concluding that a motion for reconsideration under Local Civil Rule 6.3 "provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice"). The moving party, however, may not repeat "arguments already briefed, considered and decided." *Schonberger v. Serchuk,* 742 F. Supp. 108, 119 (S.D.N.Y.1990); *accord Polsby v. St. Martin's Press, Inc.,* 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000); *see also Medoy v. Warnaco Employees' Long Term Disability Ins. Plan,* 2006 WL 355137 (E.D.N.Y. Feb. 15, 2006) ("The standard for . . . reconsideration is strict

in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

## II.     The County's Motion

The County argues that the 2014 Order "finding liability against the County should be reconsidered and reversed based upon the intervening change (and clarification) of controlling law on December 27, 2016 by the Second Circuit in *Ferrari v. County of Suffolk* and, further, that manifest injustice will result by expending precious judicial resources on a trial of a complaint that should be dismissed on the same grounds that the Second Circuit dismissed the complaint in *Ferrari*." Def.'s Mem. in Supp. at 3.

Plaintiff opposes the motion, principally on the argument that *Ferrari* does not warrant dismissal of his due process claim or reversal of summary judgment as (1) the County transferred possession of Mateo's vehicle to Chase Auto Finance without giving him notice and an opportunity to be heard; and (2) the allegations that the magistrate failed to address the *Krimstock* elements and that the deprivations were systematic is undistributed by that decision. Pl.'s Mem. in Opp. at 6-12.

## III.    The Motion for Reconsideration is Granted in Part

As reconsideration is appropriate to consider a change in applicable law, *see U.S. Titan,* 182 F.R.D. at 100, and given that the Second Circuit's reversed the district court in *Ferrari*, which district court decision this Court relied upon in its 2014 Order, the motion for reconsideration is granted.[4] However, the grant of reconsideration is limited solely to the impact

---

[4] Given the Court's August 24, 2017 Order granting the County's application to set a briefing schedule for the proposed motion for reconsideration, Mateo's argument that the motion is untimely under Local Rule 6.3 is underwhelming. As the County notes, that Rule specifically provides that "[u]nless otherwise provided by the *Court* or by statute or rule . . ., a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . ." Here, the Court provided otherwise.

of the Circuit's decision on those issues addressed in the 2014 Order, to wit this Court's

determination that: (1) the allegation that the magistrate failed to sufficiently address the

*Krimstock* elements states a procedural due process violation and (2) inasmuch as the County

failed to produce evidence that retention of the vehicle, rather than a less restrictive means, such

as an interlock device, was necessary to preserve the County's interest in the vehicle, the County

did not satisfy its burden on the third prong of *Krimstock* and consequently violated Plaintiff's

procedural due process rights.[5]

## IV.    Upon Reconsideration, the 2014 Order is Vacated in Part

### A.    The Second Circuit's Decision in *Ferrari*

As the Second Circuit's decision in *Ferrari* is the lynchpin of the motion for

reconsideration, the Court begins with a discussion of that case.

The plaintiff in *Ferrari* was pulled over for speeding at over 100 miles per hour. The

arresting officer noted that Ferari's breath smelled of alcohol, his eyes were bloodshot and he

was unsteady. He refused a chemical test at the police station but admitted that the crack cocaine

found by the police on his person was his. Ferrari, who had an extensive record of previous

reckless driving convictions, eventually plead guilty to three counts of felony driving while

intoxicated and misdemeanor possession of a controlled substance. After his arrest, Ferrari's car

was impounded pursuant to Suffolk County Code Chapter 270 pending a post seizure hearing to

assess the appropriateness of continued retention. 845 F.3d at 48-50.

---

[5] With respect to the instant motion, both parties argue the viability and the merits of Plaintiff's claim that his due
process rights were violated when the County allegedly transferred possession of his vehicle to the lienholder
without giving him notice and an opportunity to be heard. However, other than a brief mention in passing, this claim
was not addressed in the 2014 Order and therefore it is not appropriate to addressed it here. Moreover, permission to
move for reconsideration was limited to the impact of the Second Circuit's in *Ferrari* and that decision does not
addresses the issue of a seized vehicle being turned over to a lienholder. Finally, it is also appropriate to note that
the County's initial moving papers in support of its motion to dismiss barely discussed this aspect of Plaintiff's due
process claim, s*ee* DE 13 at 5 & 25, and it appears from the papers submitted in the instant motion for
reconsideration that there may be factual issues in dispute as to this issue making dismissal inappropriate.

The post seizure hearing was held approximately two weeks later; Ferrari was represented by an attorney but was not personally present. His attorney argued that the law did not require Ferrari to provide evidence as to any point or make any affirmative presentation to succeed. Rather, he asserted that the county could not retain the vehicle without establishing the probable validity of the initial seizure, the validity of continued retention, and that anything short of continued retention would not suffice. His position was that the county could not prevail without providing evidence that the vehicle would be removed from the jurisdiction or destroyed absent retention. The hearing officer adjourned that hearing and told Ferrari's counsel his client had to be present, citing the importance of credibility in resolving the matter at hand. 845 F.3d 50-51.

Another lawyer appeared for Ferrari at the second hearing; again, Ferrari himself did not appear. After a discussion, the hearing officer permitted the hearing to go forward. Ferrari's counsel maintained that the county would not be able to sustain its burden of showing that retaining the vehicle was necessary and that other methods would not be more proper for the County's safety such as the posting of a bond. He did not contest that the evidence established some danger to the public if Ferrari received his vehicle back but argued that the County had to produce evidence that an alternate method would be insufficient to achieve this safety goal. The attorney for the county introduced evidence detailing Ferrari's dangerous driving history, his ownership of the car, the circumstances of his arrest, and his refusal to submit to a chemical test at the station. She also argued that if the vehicle were returned it could be damaged or removed from the state and given Ferrari's driving record a bond or restraining order or any other means would not suffice. For his part, Ferrari's attorney did not submit any evidence and did not argue that the evidence failed to establish Ferrari was a reckless driver with a repeated history of

driving while intoxicated convictions or that a particular alternative to retention would address the County's interest. Instead, he argued that the county had not met its burden given the absence of evidence that other means such as a bond or interlock device would not suffice. The hearing officer ruled that the county would retain the vehicle pending resolution of a forfeiture proceeding. 845 F.3d at 51-53.

A forfeiture action for the vehicle was commenced by the County. In a stipulation of settlement he surrendered title to his vehicle to the County. 845 F.3d at 53.

Ferrari then filed a 1983 action disputing only the sufficiency of the process at the post-seizure hearing. The district court denied a motion to dismiss by the county concluding that Ferrari had pled a procedural due process violation arising from the County's alleged failure to meet its burden of providing evidence sufficient to show that retention was necessary to protect its interest. It rejected the argument that evidence showing that retention was necessary to protect the public from the risk that Ferrari would again drive recklessly could be considered. Rather, according to the district court, the Second Circuit's decision in *Krimstock I* required that retention be justified to protect the county's financial interest in the vehicle and the county bore the burden of proving that alternative measured would not protect that interest. 845 F.3d at 52-54.

After the close of discovery, both Ferrari and the county filed motions for summary judgment which the district court granted in part and denied in part. The court awarded summary judgment on liability to Ferrari on his procedural due process claim that the county routinely fails to meet its burden of retention which it determined included a requirement that the county introduce evidence that alternatives measures would not protect it financial interest. It rejected the claim that the availability of an appeal from the retention hearing via an Article 78

proceeding cured any due process problems. The court granted summary judgment to the county

on the remainder of Ferrari's other procedural due process claims as well as his substantive due

process claim. After a trial on damages, Ferrari was awarded $95,000 for the deprivation of his

vehicle for 45 months. 845 F.3d at 54-55.

On appeal, the Second Circuit reversed.

First, the Circuit held that the district court erred in concluding that the decision in

*Krimstock I* prevents a municipality from relying on public safety concerns as the basis for

retention *pendent lite*. Next, it turned to the sufficiency of the process afforded Ferrari at the

hearing. After reviewing the record to "clarify precisely what the evidence suggests that process

to be," the Circuit summarized the relevant question to be "when, at the retention hearing,

Suffolk County presents evidence that a driver . . . has a history of intoxicated or reckless driving

(evidence that serves to make out a prima facie case that retention *pendents lite* is necessary to

protect the County's financial interest and its interest in protecting the public) may the county

consistent with Due Process, then shift the burden of going forward onto the owner-driver to

point to a specific alternative measure that he is willing and able to sustain that might satisfy the

County's interests, and to demonstrate that such alternative measure would be feasible for him?"

845 F.3d at 62-64. [A]ddress[ing] the matter of first impression" the Circuit held "that the

County's procedure is not constitutionally deficient." *Id*. at 64.

**B.**      ***Ferrari's* Impact on the 2014 Order**

A juxtaposition of the basis for this Court's grant of summary judgment on liability in

favor of Mateo with the Circuit's holding in *Ferrari* requires vacatur of the summary judgment

and dismissal of his due process claim to the extent it is premised on the County's failure to meet

the third prong of *Krimstock*. As detailed earlier, this Court held that Defendant had satisfied the

first two *Krimstock* elements citing (1) the sworn felony complaint that Mateo operated a motor vehicle while intoxicated and was previously convicted in the past ten years of operating a motor vehicle while under the influence of drugs or alcohol; (2) the report of his refusal to submit to a chemical test which set forth that the arresting officer has reasonable grounds to make the arrest and Mateo's slurred speech, bloodshot eyes, lack of balance and the smell of alcohol on his breath; (3) the certificate of disposition that Mateo had pled guilty in 2005 to prior charges of DWI and failure to stay in a single lane and (4) the abstract of Mateo's driving record with two prior convictions for driving without a license. 2014 Order at 23. This Court went on to find, however, that the third prong of *Krimstock* was not satisfied as "the County failed to produce evidence that retention of the vehicle, rather than a less restrictive means, such as an interlock device was necessary to preserve the County's interest in the vehicle." As *Ferrari* makes clear however, evidence that a driver has a history of DWI or reckless driving "serves to make out a prima facie case that retention *pendents lite* is necessary to protect the County's financial interest and its interest in protecting the public." Given the presence of such evidence in the case at bar, this Court's conclusion that the third prong of *Kristock* was not satisfied was in error. Accordingly, the grant of summary judgment in favor of Mateo on his claim that his procedural due process rights were violated insofar as the County failed to produce evidence that retention of his vehicle, rather than a less restrictive means, was necessary to preserve the County's interest in the vehicle is vacated and that claim dismissed.

However, the Circuit's decision in *Ferrari* did not address whether procedural due process requires the hearing officer to address the *Kristock* elements in a statement of findings on

the record and the Court adheres to its ruling in that regard.[6] And the 2014 Order did not address

Mateo's claim that the transfer of his vehicle to the lienholder violated his procedural due

process rights. Accordingly, these claims remain ripe for trial.

## CONCLUSION

For the reasons set forth above, the Court grants defendant's motion for reconsideration

limited solely to the impact of the Circuit's *Ferrari* decision on those issues addressed in the

2014 Order and upon reconsideration vacates the 2014 Order to the extent that (1) it granted

summary judgment in favor of Mateo on his claim that his procedural due process rights were

violated in so far as the County failed to produce evidence that retention of his vehicle, rather

than a less restrictive means, was necessary to preserve the County's interest in the vehicle and

(2) denied dismissal of that claim, but otherwise adheres to its earlier decision.

**SO ORDERED.**

Dated: Central Islip, New York
     June 12, 2018                            _____/s/_____
                                              Denis R. Hurley
                                              United States District Judge

---

[6] In this regard it is important to note that the Second Circuit declined to reach the county's Article 78 argument, 845 F.3d at 55 n.10, and found it unnecessary to reach the county's remaining challenges to the dispositions below, *id*. at 56 n.13.